By the Court.
On December 19, 1930, Ben Shelley sustained an electric shock in the course of his employment as an electrician of an employer which had complied with the Workmen’s Compensation Law. On application to the Industrial Commission for 'medical expenses only, they were allowed and paid.
Claiming that he became totally disabled on July 10, 1931, he filed an application for modification of award on October 17, 1931, which was denied for the reason that from “the medical proof of record there is no basis' for making an award * * * due to the injury,” and later that application was dismissed on rehearing. Upon appeal to the Court of Common Pleas, under Section 1465-90, General Code, the jury returned a verdict finding he was entitled to participate in the State Insurance Fund. The judgment was certified to the Industrial Commission and, acting upon the report of its medical department that the claimant’s disability, in part at least, was due to an arthritic condition, perirectal abscess and neurasthenia, the commission awarded temporary partial compensation on an impairment of $13.50 per week from July 12, 1931, to May 7,1936.
*439 Asserting that he was totally disabled during the period in question, claimant filed an application for modification and increase of previous award to a maximum of $18.75 per week, which was two-thirds of his average weekly wage at the time of his injury. The medical department of the commission having reported that claimant’s total disability was only partially the result of his injury, the application was denied, but compensation was continued on the same impairment to September 1, 1937.
Contending that his admitted total disability could not be divided into parts, and compensation be paid only for the portion of the total disability considered as resulting directly from the injury received in the course of his employment, relator filed in this court his petition in mandamus to compel the Industrial Commission to compensate him on the basis of total disability, or at the rate of $18.75 per week, by virtue of the provisions of Section 1465-79, General Code. The proceeding was submitted to this court on the petition, answer, reply and the evidence, consisting of portions of the record of the Industrial Commission, which portions were introduced by stipulation.
The only legal question presented in this proceeding has been decided by this court in State, ex rel. Kauffman, v. Industrial Commission, 121 Ohio St., 472, 169 N. E., 572, wherein it was held that the Industrial Commission is required to determine the extent of disability of a claimant and make payment therefor. That holding was later followed in State, ex rel. Hudziecko, v. Industrial Commission, 132 Ohio State, 444, 8 N. E. (2d), 562.
The writ of mandamus will be denied.

Writ denied.

Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.